IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

CHANITO SALAZAR BACA,       )
                           )
       Petitioner,     )   CIV 08-8030 PCT GMS (MEA)
                           )
       v.             )   REPORT AND RECOMMENDATION
                           )
P. RIDER, et al.,       )
                           )
       Respondents.   )
_____ )

TO THE HONORABLE G. MURRAY SNOW:

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 5, 2008.  See Docket No. 1.  Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") on September 9, 2008.  See Docket No. 14.  On October 21, 2008, Petitioner filed a pleading captioned as a motion to withdraw his habeas petition, which was signed by Petitioner on October 18, 2008.  See Docket No. 15.

**I Procedural background**

Petitioner was found guilty of first-degree premeditated murder by a Navajo County jury.  Answer, Exh. B at 5.  Petitioner was sentenced to a term of life imprisonment pursuant to this conviction.  Id., Exh. B at 5.  Prior to Petitioner's trial the state filed a motion in limine seeking to allow impeachment of Petitioner's credibility, if he chose to

testify, by introducing evidence of a prior felony conviction for burglary and a prior conviction for criminal damage.  Id., Exh. B at 3.  The trial court reserved ruling on the motion in limine.  Id., Exh. B at 3.

The testimony presented at Petitioner's trial indicated that he stabbed his victim after having an altercation with the victim earlier in the day.  Id., Exh. E.  Two witnesses testified the victim identified Petitioner by name as his assailant.  Id., Exh. E.  A witness testified Petitioner confessed stabbing the victim to them shortly after the crime.  Id., Exh. B at 2 & Exh. E.  An eyewitness to the crime testified she saw Petitioner stab the victim.  Id., Exh. E at 170.  This witness also testified she had been drinking and using methamphetamine prior to the commission of the crime.  See id., Exh. E at 99-101 & 117-18.

During presentation of the defense's case, a law-enforcement witness was shown a copy of a court record and the witness testified the record showed that the victim had previously been convicted of a felony.  Id., Exh. G at 540-41.  Upon cross-examination of this witness by the state, the witness was shown a copy of a court record and the witness testified the record showed that Petitioner had been sentenced to probation by the Navajo County Superior Court.  Id., Exh. G at 540-41.[1]  After this statement by the law-enforcement witness, Petitioner's counsel objected and moved for a mistrial.  Id., Exh. E at 541-

---

[1] The witness did not testify as to the crime committed by Petitioner for which he was placed on probation.

-2-

51 & Exh. B at 4.  The jury was excused and argument heard, and the objection was sustained; however, the motion for a mistrial was denied.  Id., Exh. E at 541-51 & Exh. B at 4.  After the jury returned to the courtroom, the jury was instructed to disregard the question, and impliedly the answer, to which defense counsel had objected and to not speculate about the objection.  Id., Exh. E at 551 & Exh. B at 4.[2]

Petitioner did not testify at his trial and his counsel argued during closing that the state had not met its burden of proving Petitioner had committed the crime.  Id., Exh. B at 5.  Counsel also argued that, alternatively, Petitioner's actions were self-defense or that the crime was manslaughter, rather than premeditated murder.  Id., Exh. B at 5.

Petitioner filed a timely appeal of his conviction and sentence.  Id., Exh. B at 5.  Petitioner asserted in his direct appeal that: (1) the trial court abused its discretion by failing to grant a mistrial after evidence of Petitioner's prior conviction was introduced, which evidence was improperly elicited by the prosecutor; (2) he was denied his right to due process of law because a law enforcement witness was allowed to testify that Petitioner refused to submit to a warrantless search of his person, i.e., an intoxilyzer test and a DNA test; (3) the trial court erred by precluding a defense witness from testifying contrary to the testimony of the person to whom

---

[2] The trial court stated: "Ladies and gentlemen, I sustained the objection to the last question.  You're to disregard that question and also not to speculate as to why the objection was made.  Thank you."  Answer, Exh. G at 551.

Petitioner allegedly confessed, in violation of his federal Sixth Amendment right to present a defense to the charges against him. See id., Exh. B; Petition, Attach.

The Arizona Court of Appeals affirmed Petitioner's conviction and sentence in a decision issued August 23, 2005. See Answer, Exh. B. Petitioner did not seek review of this decision by the Arizona Supreme Court nor did he seek certiorari by the United States Supreme Court. Id. at 2.

Petitioner filed an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on July 18, 2006. See id.; Petition, Attach. Respondents declare that Petitioner raised the claims stated in his federal habeas petition in the Rule 32 action filed July 18, 2006, and aver they have been unable to obtain a record of Petitioner's Navajo County Superior Court Rule 32 proceedings. See Answer at 2.

The Navajo County Superior Court denied relief in the Rule 32 action, although it is not known on what basis, i.e., waiver or default of the claims, or on the merits of the claims. Id. at 2 & Exh. C. The Arizona Court of Appeals denied review of the Superior Court's denial of Rule 32 relief in a decision issued November 30, 2007. Id., Exh. C.

Petitioner filed his section 2254 action on March 5, 2008. Petitioner asserts he is entitled to federal habeas relief because his Fifth and Sixth Amendment rights were violated. Petitioner contends the state failed to disclose exculpatory evidence and also alleges that the prosecutor

-4-

engaged in misconduct by introducing improper evidence. Petitioner further maintains that he was denied his right to the effective assistance of trial counsel and that there was insufficient evidence to support his conviction. Petitioner seeks to have his sentence reduced to one commensurate with second-degree murder or manslaughter, arguing he could not properly be found guilty of first-degree premeditated murder because the murder weapon did not belong to Petitioner.

Respondents state that the petition "appears to be timely," but argue the petition must be dismissed because Petitioner failed to exhaust his federal habeas claims by presenting them to the Arizona Supreme Court. Answer at 3.

The Court concludes, for the reasons that follow, that Petitioner has properly exhausted his federal habeas claims by raising them before the Arizona Court of Appeals in his direct appeal and in his first state action for post-conviction relief; the prevailing legal precedent does not require that Petitioner raise his federal habeas claims before the Arizona Supreme Court to properly exhaust the claims.

**II Analysis**

**A. Exhaustion**

Absent particular circumstances, the Court should not entertain the merits of a petition for a writ of habeas corpus before the petitioner's state remedies have been "exhausted."

See 28 U.S.C. § 2254(b) & (c) (2006 & Supp. 2008).[3]  Although it may deny relief on the merits of an unexhausted claim, the District Court may not grant federal habeas relief on the merits of a claim which has not been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991).

To properly exhaust a federal habeas claim, the petitioner must afford the state courts the opportunity to rule upon the merits of the constitutional claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).  The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, including cases in which a term of life imprisonment is actually imposed, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals,

---

[3]
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C.A. § 2254(b)(1) (2006 & Supp. 2008).

either on direct appeal or in a petition for post-conviction relief.   See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).   See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007) (providing a thorough discussion of what constitutes the "highest court" in Arizona for purposes of exhausting a habeas claim in the context of a conviction resulting in a non-capital sentence).

The Arizona Supreme Court has clearly stated that Arizona state court remedies are "exhausted," for federal habeas corpus purposes, after a defendant sentenced to a term of life imprisonment has been given each appeal to which he has a right, i.e., review by the Arizona Court of Appeals in a direct appeal or an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.   See Crowell, 483 F. Supp. 2d at 932 (D. Ariz. 2007); Arizona v. Sandon, 161 Ariz. 157, 158 (1989); Arizona v. Shattuck, 140 Ariz. 582, 585 (1984). The Sandon court held that "[o]nce the defendant has been given the appeal to which he has a right, state remedies have been exhausted" and "the case in the Arizona courts is over."   161 Ariz. at 158, 777 P.2d at 221.

Because Arizona criminal defendants do not have a right of direct appeal to the Arizona Supreme Court except in cases wherein the death penalty is actually imposed, see Arizona Revised Statutes Annotated § 13-4031 (2001 & Supp. 2007), and because they have no right to appeal the denial of post-conviction relief to the Arizona Supreme Court, any appeal to this "highest court" is a remedy that is "unavailable" to

Arizona defendants sentenced to a term of life imprisonment within the meaning of <u>Boerckel</u>.  In <u>Crowell</u> the District Court concluded: "Arizona has plainly removed discretionary State Supreme Court review from the standard review process for cases carrying life sentences..."  483 F. Supp. 2d at 933.  The District Court determined, accordingly, that a petitioner sentenced to a term of life imprisonment had exhausted his federal habeas claims by submitting them to the Arizona Court of Appeals in a procedurally correct manner.  <u>Id.</u>[4]

**B. Standard of review with regard to properly exhausted claims for relief**

"Habeas corpus is an 'extraordinary remedy' available only to those 'persons whom society has grievously wronged and for whom belated liberation is little enough compensation.'" <u>Juan H. v. Allen</u>, 408 F.3d 1262, 1270 (9th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1145 (2006), <u>quoting</u> <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633-34, 113 S. Ct. 1710, 1720 (1993).

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state

---

[4]

In sum, the language in <u>Swoopes</u> on life sentences was dictum unnecessary for the correct disposition of that case.  The subsequent repetition of that dictum as dictum in other cases does not change its character.  Nor do any of the dicta undercut the clarity of the pronouncement by the Arizona Supreme Court, together with the 1989 enactments of the Arizona Legislature, that discretionary review in non-capital cases is 'unavailable' for purposes of federal habeas exhaustion.  Petitioner sufficiently exhausted."

-8-

court proceedings unless the state court reached a decision contrary to clearly established federal law, or one involving an unreasonable application of clearly established federal law, or unless the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding.   See 28 U.S.C. § 2254(d) (1994 & Supp. 2008); Panetti v. Quarterman, 127 S. Ct. 2842, 2858 (2007); Carey v. Musladin, 549 U.S. 70, 127 S. Ct. 649, 653 (2006); Rompilla v. Beard, 545 U.S. 374, 390, 125 S. Ct. 2456, 2467-68 (2005); Cook v. Schriro, 516 F.3d 802, 816 (9th Cir. 2008).

United States Supreme Court holdings at the time of the state court's decision are the source of "clearly established federal law" for the purpose of federal habeas review.   Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000); Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005), cert. denied, 547 U.S. 1138 (2006).   The Court must decide whether the United States Supreme Court has "clearly established" the point of law Petitioner relies upon as a basis for habeas relief by examining the holdings of the Supreme Court, rather than the opinions of the lower courts or the Supreme Court's dicta.   See Carey, 127 S. Ct. at 653.

Unless United States Supreme Court precedent has clearly established a rule of law, the writ will not issue based on a claimed violation of that rule, see Alvarado v. Hill, 252 F.3d 1066, 1069 (9th Cir. 2001), because federal courts are "without the power" to extend the law beyond Supreme Court precedent.   See Dows v. Wood, 211 F.3d 480, 485 (9th Cir. 2000).

If the United States Supreme Court has not addressed the issue raised by Petitioner in its holdings, the state court's adjudication of the issue cannot be contrary to, or an unreasonable application of, clearly established federal law. See Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir. 2007), citing Kane v. Espitia, 546 U.S. 9, 10, 126 S. Ct. 407, 408 (2006). Therefore, if the issue raised by the petitioner "is an open question in the Supreme Court's jurisprudence," the Court may not issue a writ of habeas corpus on the basis that the state court unreasonably applied clearly established federal law by rejecting the precise claim presented by the petitioner. Cook, 516 F.3d at 818, quoting Carey, 127 S. Ct. at 654; Crater v. Galaza, 491 F.3d 1119, 1123 (9th Cir. 2007), cert. denied, 128 S. Ct. 2961 (2008).

The state Superior Court's reasons for denying some of the claims stated in the federal habeas petition, i.e., the claims raised by Petitioner in his first state action for post-conviction relief, are unknown. It is unknown if the state court denied the claims summarily, for a procedural reason, or based on the waiver or default of claims, or based on the merits of the claims. Additionally, the Arizona Court of Appeals' decision affirming the Superior Court's denial of Rule 32 relief was summary.

When more than one state court has adjudicated a federal habeas claim, the Court must analyze the last "reasoned" decision to determine if the state's denial of relief on the claim was clearly contrary to federal law. See Barker v.

<u>Fleming</u>, 423 F.3d 1085, 1091-92 & n.3 (9th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 2041 (2006).   When there is no "reasoned" state court decision explaining the state's denial of a claim presented in a federal habeas petition, the District Court must perform an independent review of the record to ascertain whether the state court's decision summarily denying the claim was objectively reasonable.   <u>See</u> <u>Medley v. Runnels</u>, 506 F.3d 857, 863 & n.3 (9th Cir. 2007), <u>cert.</u> <u>denied</u>, 128 S. Ct. 1878 (2008); <u>Stenson</u>, 504 F.3d at 890; <u>Pham v. Terhune</u>, 400 F.3d 740, 742 (9th Cir. 2005).

If the Court determines that the state court's decision denying relief on the claim was contrary to clearly established federal law, the Court must determine whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires.   <u>See</u> <u>Frantz v. Hazey</u>, 533 F.3d 724, 734-36 (9th Cir. 2008).   <u>See also</u> <u>Larson v. Palmateer</u>, 515 F.3d 1057, 1061-62 (9th Cir.), <u>cert. denied</u>, __ S. Ct. ___, 77 U.S.L.W. 3201 (Oct. 06, 2008) (No. 07-11485).[5]

_____

[5]

Under AEDPA, a federal court is permitted to grant habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). ... If the state court reaches the merits without providing reasoning for us to review, however, "we independently review the record to determine whether the state court clearly erred in its

-11-

1    Petitioner bears the burden of proving his
2 constitutional rights were violated. <u>See</u>, <u>e.g.</u>, <u>Cook</u>, 516 F.3d
3 at 816. Additionally, a section 2254 writ of habeas corpus is
4 available only when there has been a transgression of federal
5 law binding on state courts. <u>See Engle v. Isaac</u>, 456 U.S. 107,
6 119, 102 S. Ct. 1558, 1567 (1982); <u>Middleton v. Cupp</u>, 768 F.2d
7 1083, 1085 (9th Cir. 1985). Habeas relief may not be premised
8 on the mere allegation that something in the state court
9 proceedings was contrary to general notions of fairness; the
10 United States Constitution must specifically protect against the
11 alleged unfairness before the petitioner may obtain relief. <u>See</u>
12 <u>Engle</u>, 456 U.S. at 119, 102 S. Ct. at 1567; <u>Middleton</u>, 768 F.2d
13 at 1088.

14    **C. The merits of Petitioner's claims for relief**

15    **1. Petitioner alleges that the prosecutor engaged in**
16 **misconduct by introducing improper evidence, i.e., the fact that**
17 **he had previously received a sentence of probation.**

18    Petitioner asserts that his Sixth Amendment right to a
19 fair trial was violated, and his rights pursuant to <u>Brady v.</u>
20 <u>Maryland</u> were violated, because the Navajo County attorney did
21 not disclose to Petitioner or his counsel an exhibit, i.e., a
22 probation report, which was the exhibit shown to the defense
23 witness which elicited their statement that Petitioner had been

24 _____

25    application of Supreme Court law." <u>Brazzel v.</u>
      <u>Washington</u>, 491 F.3d 976, 981 (9th Cir. 2007)
26    (internal quotation marks omitted).
    <u>Larson v. Palmateer</u>, 515 F.3d 1057, 1061-62 (9th Cir.), <u>cert. denied</u>,
27 ___ S. Ct. ___, 77 U.S.L.W. 3201 (Oct. 06, 2008) (No. 07-11485).

28                                    -12-

placed on probation.   Petitioner contends the introduction of this evidence prejudiced him notwithstanding the trial court's instruction to the jury regarding this testimony.   <u>See</u> Petition at 6.

Petitioner alleges he exhausted this claim in his direct appeal.   In his direct appeal Petitioner asserted the trial court abused its discretion by failing to grant a mistrial after evidence of Petitioner's prior conviction was introduced. Petitioner also alleged the prosecutor had improperly elicited the testimony that Petitioner had previously been convicted. Construing the claim as one asserting the trial court abused its discretion in denying a mistrial because there was erroneously admitted testimony, the Arizona Court of Appeals concluded Petitioner was not deprived of any right by the denial of the mistrial.   The Court of Appeals concluded the curative instruction and that the "jury did not consider in deliberating their verdict that [Petitioner] had previously been convicted and placed on probation."   Answer, Exh. B at 7.   Accordingly, the Court of Appeals determined, there was no reasonable probability that the verdict would have been different absent the admission of this fact.   <u>Id.</u>, Exh. B at 7-8.

The Arizona Court of Appeals' decisions that Petitioner was not denied his right to due process of law or a fair trial because evidence of a prior bad act was admitted, and that the trial court did not err in denying the motion for a mistrial based on the introduction of the evidence, were not clearly contrary to federal law.

-13-

To be entitled to habeas relief on a claim of erroneous admission of evidence, the petitioner must demonstrate the error had a substantial and injurious effect in determining the jury's verdict. See Brecht, 507 U.S. at 638, 113 S. Ct. at 1721-22; Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435 (1986); Christian v. Rhode, 41 F.3d 461, 468 (9th Cir. 1994). Additionally, the United States Supreme Court has never held that the admission of evidence regarding the defendant's prior bad acts *per se* violates the United States Constitution. See Estelle v. McGuire, 502 U.S. 62, 75 n.5, 112 S. Ct. 475, 484 n.5 (1991); Mejia v. Garcia, 534 F.3d 1036, 1046-47 (9th Cir. 2008).

Petitioner's case is distinguishable from the cases wherein a trial court admits prior bad acts evidence without giving a limiting instruction, and the failure to do so is found to violate the defendant's right to due process. Additionally, the United States Supreme Court has never squarely held that the failure to give the limiting instruction violates the defendant's right to due process. See, e.g., Kater v. Maloney, 459 F.3d 56, 64-65 (1st Cir. 2006). In this matter the trial court did not "admit" the evidence, although it denied the motion for a mistrial based on the fact the evidence was elicited by the state and heard by the jury. The trial court instructed the jury to disregard to the question, in effect instructing the jury to disregard the answer. Accordingly, there is no "clearly established" federal law, i.e., a Supreme Court holding, in support of the proposition for relief asserted

-14-

by Petitioner.

The improper admission of "prior bad acts" evidence violates a defendant's right to due process if it infringes on a specific federal constitutional or statutory provision, or if the introduction of the evidence deprives the defendant of the fundamentally fair trial guaranteed by due process.  See, e.g., Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995).  However, a federal court "cannot disturb on due process grounds a state court's decision to admit prior bad acts evidence unless the admission of the evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair."  Id.

The Supreme Court has established a general principle that the admission of evidence which is "extremely unfair" to the defendant, may violate the defendant's right to due process. See Dowling v. United States, 493 U.S. 342, 352, 110 S. Ct. 668, 674 (1990); Alberni v. McDaniel, 458 F.3d 860, 864 (9th Cir. 2006).  However, "[a] state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Parker v. Bowersox, 94 F.3d 458, 460 (8th Cir. 1996).  The improper admission of evidence, which a habeas petitioner contends was unduly prejudicial, has violated the petitioner's right to due process only when there were no permissible inferences the jury could have drawn from the evidence.  See Windham v. Merkle, 163 F.3d 1092, 1103 (9th Cir. 1998).

-15-

Given the testimony in this matter, i.e., that the victim identified Petitioner as his assailant to two people before he died, and the testimony of the eyewitness who watched Petitioner stab the victim, the fact that Petitioner had previously committed an infraction for which he received a sentence of probation was not likely to have had a substantial and injurious effect in determining the jury's verdict. Accordingly, the state court's decision in this regard was not clearly contrary to established federal law.

Petitioner also couches this habeas claim as one asserting prosecutorial misconduct and a violation of Brady v. Maryland. Petitioner alleges that the state failed to disclose evidence to him, i.e., the fact of his prior convictions and the state court docket report indicating he had been convicted and placed on probation, and that this "failure" violated his federal constitutional rights, citing Brady v. Maryland.

The United States Supreme Court held in Brady v. Maryland that a defendant's right to due process of law is violated when the government fails to disclose evidence that is material to the defendant's guilt or innocence. See 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963).

> This duty extends not only to exculpatory evidence but also to "evidence that the defense might have used to impeach the Government's witnesses by showing bias or interest." United States v. Bagley, 473 U.S. 667, 676, 105 S. Ct. 3375 [] (1985). Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 682, 105 S. Ct. 3375. To prove

-16-

> materiality, a defendant need not demonstrate that it is more likely than not that he would have received a different verdict with the evidence; rather, reasonable probability' of a different result is ... shown when the government's evidentiary suppression 'undermines confidence in the outcome of the trial." <u>Kyles v. Whitley</u>, 514 U.S. 419, 434, 115 S. Ct. 1555, [] (1995) (quoting <u>Bagley</u>, 473 U.S. at 678, 105 S. Ct. 3375).

<u>Horton v. Mayle</u>, 408 F.3d 570, 578 (9th Cir. 2005) (holding the government's failure to disclose a leniency deal with a witness was reversible error).

In order to prevail on a <u>Brady</u> claim presented in a federal habeas action, the petitioner must demonstrate that: (1) the evidence at issue was favorable to the petitioner, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the government, either willfully or inadvertently; and (3) prejudice resulted. <u>See</u>, <u>e.g.</u>, <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 1948 (1999). If the petitioner was aware of the essential facts enabling him to take advantage of any exculpatory evidence at the time of his trial, however, the government does "not commit a <u>Brady</u> violation by not bringing the evidence to the attention of the defense." <u>United States v. Brown</u>, 582 F.2d 197, 200 (2d Cir. 1978), <u>quoted in</u> <u>Raley v. Ylst</u>, 470 F.3d 792, 804 (9th Cir. 2006).

Petitioner has not established a <u>Brady</u> violation. The state moved to introduce Petitioner's prior convictions at his trial. Petitioner himself knew of his prior convictions, and the prior convictions were not exculpatory. Accordingly, the state court did not err in concluding Petitioner's

constitutional rights were not violated by the alleged "failure" to disclose Petitioner's prior convictions to Petitioner.

    **2. Petitioner further argues that he was denied his right to the effective assistance of trial counsel.**

    To state a claim for ineffective assistance of counsel, a petitioner must show that his attorney's performance was deficient and that the deficiency prejudiced the petitioner's defense. See <u>Strickland v. Washington</u>, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984) (requiring the habeas petitioner to identify the specific acts of counsel which constituted their deficient performance to exhaust the claim); <u>Moorman v. Schriro</u>, 426 F.3d 1044, 1056 (9th Cir. 2005) (holding a petitioner could not argue ineffective assistance of counsel claims in a habeas action if they had not raised the specific factual basis for the claim in the state courts), <u>cert. denied</u>, 126 S. Ct. 2984 (2006); <u>Longworth v. Ozmint</u>, 377 F.3d 437, 448 (4th Cir. 2004). The petitioner must overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance. See <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at 2054.

    To prevail on the merits of a habeas claim of ineffective assistance of counsel, "it is the habeas applicant's burden to show that the state court applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner. An unreasonable application of federal law is different from an incorrect application of federal law." <u>Woodford v. Visciotti</u>,

-18-

537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002) (internal quotations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Indeed, "strategic choices made after thorough investigation of law and facts relevant to plausible options are *virtually unchallengeable*...." Id., 466 U.S. at 690-91, 104 S. Ct. at 2066 (emphasis added). To succeed on an assertion his counsel's performance was deficient because counsel failed to raise a particular argument the petitioner must establish the argument was likely to be successful, thereby establishing that he was prejudiced by his counsel's omission. See Tanner v. McDaniel, 493 F.3d 1135, 1144 (9th Cir.), cert. denied, 128 S. Ct. 722 (2007); Weaver v. Palmateer, 455 F.3d 958, 970 (9th Cir. 2006), cert. denied, 128 S. Ct. 177 (2007).

Petitioner alleges he exhausted his ineffective assistance of counsel claim by raising it in his direct appeal. Petitioner contends his counsel's performance was deficient because counsel did not stipulate to Petitioner's prior convictions, allowing this information to be introduced at trial instead via the cross-examination of the defense witness with the probation report. The alleged error was not deficient performance; counsel attempted to keep the fact of Petitioner's prior convictions from the jury and moved for a mistrial when the fact that Petitioner had been on probation was elicited from

a defense witness.  Additionally, any stipulation to the fact of a prior conviction would have allowed the introduction of the fact to the jury, albeit not in the manner which actually occurred during the trial.  Furthermore, there is no indication that the alleged error was prejudicial to Petitioner; the overwhelming evidence introduced at his trial, including the eyewitness testimony, was more likely the reason for the jury's verdict than any assumption drawn from the fact that Petitioner was on probation.[6]

**Petitioner maintains there was insufficient evidence introduced at his trial to support his conviction.**

Petitioner contends his Fifth Amendment rights were violated because there was no evidence presented at the trial that the murder weapon belonged to him, or that connected him to the murder weapon, i.e., DNA or fingerprint evidence. Petitioner alleges he exhausted this claim by raising it in his first state action for post-conviction relief.  Petitioner asserts the state denied this claim as waived because Petitioner did not raise the claim in his direct appeal.

An assertion that a verdict is against the "weight of the evidence," as distinguished from a claim that the evidence was legally insufficient, is not cognizable as a basis for

---

[6] Ground III of the petition restates the claims made in Claim I and again alleges a violation of Plaintiff's Sixth Amendment rights by the introduction of the evidence that Petitioner had previously been convicted and placed on probation.  The supporting argument in this section of the petition is extremely vague, and the undersigned concludes the claim is addressed in the section of the Report and Recommendation dealing with Petitioner's first claim for habeas relief.

federal habeas relief. See, e.g., Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985) ("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence ..."); Ex parte Craig, 282 F. 138, 148 (2d Cir. 1922) ("a writ of habeas corpus cannot be used to review the weight of evidence ..."); Cameron v. Birkett, 348 F. Supp. 2d 825, 838 (E.D. Mich. 2004). This is because a verdict against the weight of the evidence is not an error of federal constitutional dimension unless the record is so devoid of evidentiary support that a due process issue is implicated. See Cukaj v. Warren, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004).

Accordingly, the test for federal habeas relief is not whether the verdict is against the great weight of the evidence, but whether there is sufficient evidence to support the verdict. See Dell v. Straub, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). A District Court's review on habeas asks only the question of whether the evidence was constitutionally sufficient to prove all of the elements of the offense for which the petitioner was convicted. Cameron, 348 F. Supp. 2d at 838.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970). To determine whether sufficient evidence was introduced at trial to support a habeas petitioner's conviction, the Court must decide if, "viewing the evidence in the light

-21-

most favorable to the prosecution, _any_ rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." _Jackson v. Virginia_, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (emphasis in original). _See also_ _Juan H. v. Allen_, 408 F.3d 1262, 1276 (9th Cir. 2005), _cert. denied_, 546 U.S. 1137 (2006).   Additionally, a petitioner is not entitled to federal habeas relief if the evidence is merely susceptible to an interpretation other than the defendant's guilt.   _Jackson_, 433 U.S. at 326, 99 S. Ct. at 2725; _United States v. Beddow_, 957 F.2d 1330, 1334 (6th Cir. 1992).[7]

Petitioner bears the burden of proving that the record is so totally devoid of evidentiary support for the challenged conviction as to violate due process.   _See_ _Crow v. Eyman_, 459 F.2d 24, 25 (9th Cir. 1972).   Circumstantial evidence is sufficient to support a petitioner's guilty verdict.   _Jackson_, 442 U.S. at 324-25, 99 S. Ct. at 2792; _Jones v. Wood_, 207 F.3d

---

[7]
The inquiry is based upon the entire record and the reasoning process actually used by the trier of fact, known or not, is not considered. [_Jackson_] at 319 n.13, 99 S. Ct. 2781 ("The question of whether the evidence is constitutionally sufficient is of course wholly unrelated to the question of how rationally the verdict was actually reached.").
The amendments to the habeas corpus statutes set forth in AEDPA have added an additional degree of deference to state courts' resolution of sufficiency of the evidence questions. _See_ _Valdez v. Ward,_ 219 F.3d 1222, 1237 (10th Cir. 2000) (noting that, if a state court has addressed a sufficiency of the evidence claim, the federal court's review in a habeas proceeding is governed by § 2254(d)). _Torres v. Mullin_, 317 F.3d 1145, 1151 (10th Cir. 2003).

557, 563 (9th Cir. 2000) (finding sufficient evidence to support a murder conviction when the "evidence was almost entirely circumstantial and relatively weak"); <u>Sera v. Norris</u>, 400 F.3d 538, 547 (8th Cir. 2005) ("This case is similar to a host of others in which this Court affirmed convictions based solely on circumstantial evidence despite our recognition that alternate possibilities existed").

As noted supra, there was a great deal of evidence presented at Petitioner's trial that he was the individual who stabbed the victim, including eyewitness testimony and the statements of two witnesses that the victim told them Petitioner was the person who had stabbed him. Evidence was presented that Petitioner and the victim had argued earlier in the day. Accordingly, Petitioner was not convicted of first-degree premeditated murder, rather than second-degree murder or manslaughter, in violation of his right to due process of law or a fair trial.

**IV Conclusion**

Petitioner properly exhausted his federal habeas claims by presenting them to the Arizona Court of Appeals in his direct appeal or in his timely state action for post-conviction relief. However, the state court's decision that Petitioner's federal constitutional rights were not violated as he asserts was not contrary to, nor an unreasonable application of federal law. Petitioner's motion to "withdraw" his habeas petition states that he does not have proper access to legal assistance and that he "has been procedurally denied proper state access to relief,

but upon this showing of cause and prejudice" asks the Court to dismiss his petition to allow him to exhaust his claims in the state courts. As noted supra, Petitioner has exhausted his claims and, accordingly, the motion to withdraw should be denied.

**IT IS THEREFORE RECOMMENDED that** Mr. Baca's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration

of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 27th day of October, 2008.


_____
Mark E. Aspey
United States Magistrate Judge