**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHANITO SALAZAR BACA, ) | No. CV-08-8030-PHX-GMS (MEA) |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| P. RIDER, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Pending before the Court are the Writ of Habeas Corpus of Petitioner Chanito Salazar Baca (Dkt. # 1) and the Motion to Withdraw the Petition for Writ of Habeas Corpus (Dkt. # 15). On October 28, 2008, Magistrate Judge Mark E. Aspey issued a Report and Recommendation ("R & R") recommending that the motion and petition be denied with prejudice. (Dkt. # 16.) Petitioner timely filed objections. (Dkt. # 17.) For the reasons below, the Court adopts the R & R of Magistrate Aspey.

## BACKGROUND

On March 3, 2004, Petitioner was found guilty of first-degree premeditated murder by a Navajo County jury and was sentenced to a term of life imprisonment. The R & R set forth the factual and procedural background of this case, to which neither party objected.

Accordingly, the Court adopts this background as an accurate recital.

In his Petition for Writ of Habeas Corpus, Petitioner asserts four grounds for relief: (1) his Sixth Amendment right to a fair and impartial trial were violated by the prosecution's failure to disclose a probation report; (2) his Sixth Amendment rights were violated by the inadequate and ineffective assistance of counsel; (3) his Sixth Amendment rights were violated by the introduction of improper evidence; and (4) his Fifth Amendment rights were violated due to insufficient evidence supporting his conviction. (Dkt. # 1.) On September 9, 2008, Respondents answered, arguing in part, that Petitioner's claims had not been exhausted in the state courts. (Dkt. # 14, at 3.) On October 21, 2008, Petitioner filed a motion to withdraw his petition, asserting that his petition was filed "prematurely under the advice of [a] paralegal provided by Arizona D.O.C." and requesting the opportunity to exhaust his claims in state court. (*Id.* at 2.) The Magistrate recommended that Petitioner's motion to withdraw be denied because Petitioner's claims had in fact been properly exhausted in the state courts. (Dkt. # 16, at 5-23.) Furthermore, the Magistrate recommended that Petitioner's application for writ of habeas corpus be denied with prejudice. (*Id.* at 24.)

## STANDARD

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the R & R. 28 U.S.C. § 636(b)(1). "A judge of the court shall

make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

## DISCUSSION

Petitioner's only objection to the R & R addresses the Magistrate's recommendation to deny Petitioner's Motion to Withdraw his Petition for Writ of Habeas Corpus. (Dkt. # 17, at 2.) While Petitioner does "agree[] with most of the recommendation," he "humbly request[s] this court allow him to withdraw his petition of Habeas Corpus without prejudice." (*Id.*) Petitioner states that he "seeks to present non-adjudicated issues, in 'Writ of Coram Nobis' writ of error before the trial court in proper fashion." (*Id.*)

The Court construes Petitioner's motion as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41. Rule 41(a)(2), which applies after a defendant has filed an answer or a motion for summary judgment, provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The principal consideration is whether the dismissal would prejudice the defendant. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Westland Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

Here, Petitioner has filed his motion to withdraw only days before the Magistrate issued the R & R. This was done after Respondents expended significant time and effort in preparing their answer and response to the Petition for Writ of Habeas Corpus. Additionally, Petitioner's explanation for seeking the dismissal is insufficient. It appears that Petitioner's motion to withdraw was filed in response to unfounded arguments asserted by Respondents

regarding whether his claims were properly exhausted in the state courts. It is unclear to the Court what "issues" Petitioner seeks to still present in the state courts. Insofar as these "issues" are related to the four claims presented to this Court in the Petition for Writ of Habeas Corpus, the Court agrees with the Magistrate's conclusion that "Petitioner properly exhausted [these issues] by presenting them to the Arizona Court of Appeals in his direct appeal or in his timely state action for post-conviction relief." (Dkt. # 16, at 23.) Petitioner's belief that his claims are not properly exhausted is incorrect.

Alternatively, to the extent that the "issues" Petitioner seeks to present to the state courts have not been previously raised, and there is adequate justification for this failure, this Court's adjudication of the claims presented in this habeas petition would not foreclose the possibility of presenting those "issues" to the state courts. Because Petitioner has failed to provide the Court any valid explanation supporting his motion to withdraw, and because the claims presented in Petitioner's habeas action have been exhausted in the state courts, the Court declines to grant Defendant's motion to withdraw his petition. Accordingly, the Court adopts the Magistrate's R & R in full. Therefore,

**IT IS HEREBY ORDERED** adopting the Report and Recommendation (Dkt. # 16).

**IT IS FURTHER ORDERED** denying and dismissing with prejudice Petitioner's Application for Writ of Habeas Corpus (Dkt. # 1).

**IT IS FURTHER ORDERED** denying Petitioner's Motion to Withdraw his Application for Writ of Habeas Corpus (Dkt. # 15).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this action.

1   DATED this 13th day of November, 2008.

*G. Murray Snow*
G. Murray Snow
United States District Judge

- 5 -